## EZRA M. PRINCE
### v.
## SARAH P. DULIN ET AL.

*Replevin—Stipulation to Submit Case to County Judge—Judgment
Thereunder—Right of Appeal—Damages on Affirmance of Judgment for
Plaintiff.*

1. A judgment in favor of the plaintiff in an action of replevin having
been affirmed by this court, a stipulation was filed in the court below to
waive order of affirmance, reinstate the case and submit it to the judge of
the court: *Held,* that an appeal would lie from the judgment entered upon
trial under the stipulation.

2. It having been determined in a chancery proceeding between the
same parties that a note and chattel mortgage had been given by appellees
to appellant to secure the performance of an original agreement between the
parties, and that appellees had not complied with their part of it, this court
holds that appellant was entitled to hold the property covered by the mort-
gage, or so much thereof as would cover the costs and expenses occasioned by
appellees' failure to comply with their contract.

[Opinion filed November 23, 1889.]

APPEAL from the County Court of McLean County; the
Hon. C. D. MYERS, Judge, presiding.

Messrs. E. M. PRINCE, *pro se,* and F. R. HENDERSON, for
appellant.

Messrs. TIPTON & BEAVER, for appellees.

CONGER, J. This case was before us at the May term,
1888, and in the opinion filed November 23, 1888, will be
found a statement of the facts.

Upon the filing of the order of affirmance in the court
below, the following stipulation was filed:

This cause having been affirmed by the Appellate Court, order of affirmance is hereby waived and this cause is reinstated on the docket of this court, and it is hereby agreed that the judge of this court shall summarily, without the intervention of a jury, hear such evidence as either party may desire to introduce, and determine the amount of damages, if any, that the plaintiff is entitled to recover of the defendants, and said court shall enter all orders and judgments, and all orders as may be necessary or proper to adjust the rights of the parties in the premises.

EZRA M. PRINCE,<br>
TIPTON & BEAVER,<br>
Attorneys for Dulins.

Under this stipulation a trial was had, evidence heard, and the court entered a judgment in favor of appellant for $20.

A motion is made to dismiss the appeal because, as it is alleged, the proceeding in this case was not a suit upon which an appeal would lie. We think the appeal would lie, and the motion will therefore be overruled.

We think the court erred in refusing appellant leave to show as damages all such costs and expenses as were occasioned by appellees failing to comply with their contract. In the chancery proceedings between these parties it was found by the court that the chattel mortgage in question and the note it secured for $500 were to secure the performance of the original agreement entered into between the parties hereto, and that appellees had not complied with their portion of it; hence appellant is entitled to hold the property covered by the chattel mortgage or the money substituted for the property, or so much thereof as will cover the costs and expenses to appellant occasioned by the failure of appellees to comply with their contract.

The judgment of the County Court will be reversed and the cause remanded.    *Reversed and remanded.*